IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-272-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| BARRY BUNN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Johnston County Sheriff's Office. Defendant presented the testimony of the proposed third-party custodian, his sister. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a two-count indictment on 20 November 2014 with: possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 1) and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924 (ct. 2). The alleged offense date in each count is 18 September 2013. The evidence presented at the hearing showed that the charges arise from a controlled, video- and audio-

recorded sale of an operational pistol by defendant to a confidential informant, whom defendant had met at a convenience store. On 26 October 2013, defendant engaged in the controlled, video- and audio-taped sale of another pistol to the confidential informant, although no charges have been brought for that transaction. At the time of both transactions, defendant was on state probation.

### Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including defendant's trafficking in the subject firearm (as opposed to passive possession), his being on state probation at the time, the minimal nature of his association with the purchaser of the firearm (indicating his willingness to sell firearms to people he does not know well), and his participation in another sale a short time later; defendant's criminal record, including two felony convictions, three misdemeanor convictions, and a formal probation violation; the danger of continued gun-trafficking conduct by defendant if released; defendant's apparent crack cocaine habit; the unsuitability of the proposed third-party custodial arrangement due to her inability to house defendant in her home, her inability to supervise defendant during the day (and, depending on her shift, at night) due to fulltime employment, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's employment and ties to the community. It finds, however, that the factors favoring detention outweigh such evidence. With respect to employment, the court notes that the second gun transaction occurred

after defendant had been working for almost a month at his current employer, indicating that having a job did not deter defendant from engaging in such conduct.

### **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 1st day of December 2014.

_____
James E. Gates
United States Magistrate Judge