IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-272-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| BARRY BUNN, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion to dismiss count one of the indictment for failure to state an offense (DE 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court grant defendant's motion. The government timely filed objections to the M&R and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, where the court declines to adopt the recommendation of the magistrate judge, defendant's motion is denied.

### BACKGROUND

On November 12, 2014, the government filed a two-count indictment charging defendant with possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one); and possessing a firearm from which the manufacturer's serial number had been removed, altered and obliterated, in violation of 18 U.S.C. §§ 922(k) and 924 (count two).

Defendant moves to dismiss count one of the indictment on the basis that he has no prior conviction for which he could have received a term of imprisonment exceeding one year. Defendant notes that he has two North Carolina prior convictions, consolidated for judgment in 2013. That judgment, dated January 3, 2013, memorializes defendant's plea of guilty to possession with intent to sell and deliver cocaine, in violation of N.C. Gen. Stat. 90-95(a);[1] and sale and delivery of a Schedule II controlled substance, in violation of N.C. Gen. Stat. 90-95(a)(1). The judgment, a copy of which is attached to defendant's motion, refers to these as felony, Class H offenses, and ascribes to defendant a level II prior record.

As evident from the face of the judgment, the court made no written findings because the prison term imposed was within the presumptive range of sentences authorized by statute. The offenses were consolidated for judgment and defendant ordered to be imprisoned for a minimum term of eight months and a maximum term of 19 months in the custody of the North Carolina Division of Adult Correction. Also as reflected in the judgment, defendant was given credit for 31 days spent in pre-judgment confinement. The court suspended execution of the sentence and placed defendant on 18 months of supervised probation.

Defendant argues that his prior convictions do not count as crimes punishable by more than one year of imprisonment because the North Carolina structured sentencing statute, as amended by the Justice Reinvestment Act of 2011 ("JRA"), see N.C. Sess. Laws 192, provides that nine months of his 19 month term of imprisonment must be served as a period of "post-release supervision."

---

[1] As noted in the M&R, while the judgment references only subsection (a) with respect to this offense, it would appear to constitute a violation of subsection (a)(1).

2

N.C. Gen. Stat. § 15A-1368.2(a).[2] As such, defendant argues, his prior offenses were punishable, at most, by 10 months of imprisonment. Accordingly, defendant seeks this court to dismiss count one of the indictment that charges felon in possession of a firearm.

## DISCUSSION

A.   Standard of Review

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12. At any time before trial, a defendant can raise a motion asserting "a defect in the indictment or information, including: . . . failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B).

The court may "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition [of a motion to dismiss indictment]." 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

---

[2] Reference is made to the M&R in this case for its thoughtful discussion of North Carolina structured sentencing law generally, including changes mandated by the JRA. (See M&R at 2-5).

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Although defendant contends that count one of the indictment fails to state an offense against him, his argument to the court in substance "concerns not the sufficiency of the indictment allegations, but rather the sufficiency of <u>the record</u> to support a finding that he [is] guilty" of the offense of felon in possession of a firearm.[3] <u>United States v. Thomas</u>, 367 F.3d 194, 197 (4th Cir. 2004) (emphasis in original); <u>see</u> <u>United States v. Klecker</u>, 348 F.3d 69, 73 (4th Cir. 2003) ("[W]e doubt that an indictment would be subject to dismissal on the ground that one of its essential allegations was false."). Such an argument may be treated, for example, "as a challenge to the adequacy of the factual basis supporting his plea even though [defendant] has not explicitly framed it as such." <u>Thomas</u>, 367 F.3d at 197. Rule 12 also permits the court to consider any "defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

---

[3] To the extent defendant contends the allegations in the indictment are insufficient to state an offense, this argument is without merit. "To warrant dismissal [of a count] of the indictment," a defendant must "demonstrate that the allegations therein, even if true, would not state an offense." <u>Thomas</u>, 367 F.3d at 197 (quotations omitted). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." <u>United States v. Perry</u>, 757 F.3d 166, 171 (4th Cir. 2014) (quotations omitted). Here, count one of the indictment sufficiently charges all the requisite elements of the offense of felon in possession of a firearm, under 18 U.S.C. § 922(g)(1), which includes the following elements: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence." <u>United States v. Moye</u>, 454 F.3d 390, 395 (4th Cir. 2006) (quotations omitted). The indictment satisfactorily alleges the first element by stating that defendant had "been convicted of a crime punishable by imprisonment for a term exceeding one year." (DE 1). The indictment satisfactorily alleges the second element by stating that defendant "did knowingly possess . . . a firearm and ammunition." (Id.). The indictment satisfactorily alleges the third element by stating that such possession was "in and affecting commerce." (Id.). Accordingly, defendant has failed to "demonstrate that the allegations [in the indictment], even if true, would not state an offense." <u>Thomas</u>, 367 F.3d at 197.

The court therefore construes defendant's motion as a request for determination of a defense to count one of the indictment on the basis that he has no qualifying predicate conviction. In light of the Fourth Circuit decision in Thomas, it is unclear whether such an argument properly is before the court prior to arraignment. Nevertheless, because the court finds the argument without merit as presented, the court need not address potential hurdles raised by the procedural posture of the case. For the following reasons, the court rejects defendant's argument that his predicate state offenses fail to qualify as prior crimes punishable by a term of imprisonment exceeding one year.

Under § 922(g)(1), the government must prove the defendant has been "convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). In order to determine whether a defendant previously was convicted of such an offense, "we are to look to the conviction itself as our starting place." United States v. Simmons, 649 F.3d 237, 242 (4th Cir. 2011) (en banc) (quoting Carachuri-Rosendo v. Holder, 560 U.S. 563, 576 (2010)). This "requires examination of three pieces of evidence: the offense class, the offender's prior record level, and the applicability of the aggravated sentencing range." Id. at 247 n.9. "All three appear prominently on the first page of an offender's state record of conviction." Id. "From this, it is a simple matter to refer to the statutory table provided by the Structured Sentencing Act and compute the applicable maximum punishment." Id.

The judgment at issue provides an offense class H, prior record level II, with no aggravating sentencing factors. (See DE 22-1). Based on the North Carolina sentencing statute, the "maximum term of imprisonment" specified for a class H felony with prior record level II, and no aggravating sentencing range is 19 months. See N.C. Gen. Stat. § 15A-1340.17(d). Accordingly, the applicable

5

maximum punishment for defendant's prior offenses of conviction is a term of imprisonment of 19 months.

As noted above, defendant argues that his prior offenses do not count as crimes punishable by more than one year of imprisonment because the North Carolina structured sentencing statute provides that nine months of his 19 month term of imprisonment must be served as a period of "post-release supervision." N.C. Gen. Stat. § 15A-1368.2(a). As such, defendant argues, his prior offenses were punishable, at most, by a term of imprisonment of 10 months.

This argument, however, fails to account for the fact that every defendant serving a period of post-release supervision for such offenses can be subjected to varying degrees of active prison terms up to the maximum 19 month term in the event of a violation of post-release conditions. See N.C. Gen. Stat § 15A-1368.3. Any such prison terms properly relate back to the original offense of conviction and are not treated as punishment for the conduct prompting the revocation of post-release supervision. See State v. Corkum, 735 S.E.2d 420, 423 (N.C. Ct. App. 2012) ("There is no new sentence imposed as a result of a revocation of post-release supervision; only the remaining portion of the original sentence is activated."); see also Alabama v. Shelton, 535 U.S. 654, 672-73 (2002) ("[A]ctivation of a suspended sentence results in the imprisonment of . . . [a] defendant for a term that relates to the original offense.") (internal quotations omitted). Accordingly, defendant's offenses of conviction were punishable by a term of imprisonment exceeding one year, up to a total term of 19 months.

Defendant argues that Simmons and McNeill v. United States, 131 S.Ct. 2218 (2011), require the court to consider only the custodial term he faced at the time of his sentencing, and not the

6

maximum term of imprisonment due to any later revocation of post-release supervision. Simmons and McNeill, however, support the government's approach rather than the approach urged by defendant. Simmons requires only that the court must look to "the conviction itself" to determine qualification as a predicate offense. 649 F.3d at 243. McNeill requires only that the court "consult[] the maximum term of imprisonment applicable to a defendant's previous drug offense at the time of defendant's state conviction for that offense." 131 S.Ct. at 2224.

The Fourth Circuit has declined to extend Simmons beyond its basic principle, noting "an offender's conviction must serve as our 'starting place' not because as [appellant] suggests, the *moment of conviction* (i.e. the moment the defendant enters his guilty plea) is a magical one. Rather, it is because the critical question for purposes of a federal sentence . . . is whether the particular defendant's prior *offense of conviction* was itself punishable by imprisonment exceeding one year." United States v. Valdovinos, 760 F.3d 322, 327 (4th Cir. 2014) (emphasis in original) (citing Simmons, 649 F.3d at 243, and Carachuri-Rosendo, 560 U.S. at 576 & 582).

Here, 19 months was the maximum term of imprisonment applicable to defendant's offenses at the time of his conviction, as opposed to, for example, what the maximum term would have been if the conviction had taken place prior to 2011.[4] Although the state could not have held defendant in custody for more than 10 months on the day of defendant's sentencing, the "maximum term of imprisonment" applicable to his offenses at the time of conviction was 19 months.

---

[4] Indeed, McNeil concerned such a situation where the state had changed its sentencing law resulting in a different maximum sentence for the offense, depending on the date of conviction. See McNeill, 131 S.Ct. at 2224. It was in that context that the court required consideration of the maximum term of imprisonment "at the time of the defendant's state conviction for that offense," rather than at the time, for example, that the defendant committed the offense. Id.

7

Defendant suggests that his prior convictions do not qualify as felonies because the North Carolina Post-Release Supervision and Parole Commission (the "Commission"), rather than the sentencing court, makes decisions regarding revocation of post-release supervision. See N.C. Gen. Stat. §§ 15A-1368 -1368.6. Contrary to defendant's suggestion, the procedure for revocation of post-release supervision underscores the importance of the original judgment of conviction which sets the maximum sentence of imprisonment that may be served for the offense. See N.C. Gen. Stat. § 15A-1368.3. While the Commission may impose various degrees of custody for revocation of post-release supervision, it always must act within the range provided for in the original judgment of conviction. See id. Thus, as mandated by Simmons, the judgment of conviction provides both the starting place and the final word on whether an offense is punishable by a term of imprisonment exceeding one year.

Defendant argues that the government's approach involves consideration of the sentence of a "hypothetical" or "imagined worst-case offender," in contravention of Simmons. 649 F.3d at 243. Simmons prohibits only using "the maximum aggravated sentence that could be imposed for [the] crime upon a defendant with the worst possible criminal history." Id. (quoting United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2011)). That decision directs courts to consider only the offense class, the offender's prior record level, and the applicability of the aggravated sentencing range, all based on the offender's judgment of conviction. Simmons, 649 F.3d at 247 n.9. Upon consideration of the judgment in this case, the court concludes that defendant's prior conviction involved offenses punishable by a term of imprisonment exceeding one year. Accordingly, the

8

government's approach does not contravene Simmons's prohibition against considering a hypothetical "worst-case offender." Id. at 243.

Defendant also argues that "the prohibition against consideration of a hypothetical defendant with the 'worst possible criminal history' forbids as well consideration of a defendant's worst possible criminal *future*." (Resp. to Obj. at 5 (quoting M&R at 11)). The approach urged by the government does not require consideration of the worst possible criminal future for this defendant or any particular defendant. Rather, it requires consideration of the maximum term of imprisonment that is actually authorized for the defendant at the time of conviction. It is this authorized maximum term of imprisonment that corresponds to whether an offense is "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g) (emphasis added). At time of sentencing, every defendant convicted of a class H felony offense with record level II starts with the possibility that he will not be subject to the maximum term of imprisonment, and the possibility that he will be subject to the maximum term of imprisonment. It is this possibility, the fact that the offense is punishable by such maximum term, that makes the offense qualify under § 922(g).

Furthermore, the approach urged by defendant with respect to convictions involving post-release supervision would lead to absurd results, contrary to the plain language of § 922. Under defendant's approach, no conviction of a class H felony, with prior record level II, and presumptive imprisonment range, could ever count as a crime punishable by imprisonment exceeding one year, because of mandatory post-release supervision. However, any offender so convicted could go on to serve out the remainder of the maximum 19 month term of imprisonment specified for such offense, upon revocation of post-release supervision. In such cases, under defendant's approach,

9

an offender who actually served more than one year in prison for the offense, which offense on the face of the judgment carried a maximum 19 month prison term, would not have a qualifying felony conviction. The court cannot accept the proposition that a defendant could be punished by more than one year in prison for an offense that does not qualify as "punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g), but that is where defendant's approach leads.

In sum, because defendant was previously convicted for offenses punishable by imprisonment for a term exceeding one year, he has failed to establish a basis for dismissal of count one of the indictment. Therefore, defendant's motion to dismiss count one must be denied.

**CONCLUSION**

Based on the foregoing, the court DENIES defendant's motion to dismiss count one of the indictment. The clerk shall set arraignment for the next available term of court, no sooner than 45 days from the date of this order.

SO ORDERED, this the 24th day of June, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge